MR. JUSTICE SHEEHY
concurring and dissenting:
I concur in the affirmance of the convictions of Daniel Emmett Powers, Robert Steele Poole and Grady Gill. I do not agree that we can sustain the conviction of Jennifer Denise Gill.
The testimony of the pathologist established that the cause of death of this 5 year old black was the whips and bangs that he had sustained during the last 48 hours of his life, coupled with a condition of sickle-cell anemia with which he was afflicted. The whippings caused 20 percent of his blood to doze into tissues surrounding the bruises where it lodged, useless. The blood loss caused a jamming of the sickle cells in the capillaries and an increase in the cells’ number, to the extent that the boy’s survivability was fatally impaired.
Jennifer Denise Gill did not participate in a single whipping or beating; or other injury of the decedent in the critical 48 *302 hours before the death. That period of time is the only period when it can be said from the evidence that whippings or spankings administered to the boy resulted in his death beyond a reasonable doubt.
The State, its counsel realizing that Jennifer Denise Gill did not participate in the critical beatings that brought about the death, tried its case against Jennifer Denise Gill on the basis of accountability, sections 45-2-301 and -302, MCA. To establish accountability, the State had to show that she participated as a matter of religion in the discipline of children, including James Gill, and thereby became accountable for his death although she never struck him or whipped him during the critical period which brought about his death. To establish that the beatings within the last 48 hours were a part of the religious practice of the group to which Jennifer adhered, the State relied upon the testimony of Undersheriff Dean Mahlum, who repeated statements allegedly made by codefendant Robert Steele Poole.
However, Robert Steele Poole never testified. Accordingly, counsel for Jennifer Denise Gill has come to this Court on appeal contending that under Bruton v. United States (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, she has been deprived of her right to confront the witnesses against her. Violation of the Bruton case was one of the reasons this Court reversed a conviction in State v. Fitzpatrick (1977), 174 Mont. 174, 569 P.2d 383.
I can agree that violation of the Bruton rule is harmless as to all of the defendants except Jennifer Denise Gill. As to the other defendants, each of them actively participated in the whippings and beatings that occurred within the critical 48 hours prior to the death. It is only Jennifer Denise Gill who can be found guilty on the basis of accountability.
I find Poole’s statements, as related by the undersheriff, to be far more incriminating as far as Jennifer is concerned than does the majority. In addition to the portions of Poole’s statements quoted in the majority opinion, there are the following also:
*303 “I asked Mr. Poole, as he had stated to me that he had gone to the Church, and I asked him which church that was, and he advised me it was the River of Life Tabernacle Church; I asked Mr. Poole how he arrived at the Riley trailerhouse, and he stated to me that he had been brought to Ike trailerhouse to watch the children and was in a position of authority.

tt

“After Mr. Poole informed us that he had been brought to the trailerhouse to watch over the children over which he had been placed in a position of authority, I asked Mr. Poole what was involved in the authority, and he stated that would include watching over ike children, feeding them, and chastising them, that type of thing.

ft

“I asked Mr. Poole if he did know James Gill, and he answered yes that he did and he also stated that James was in his words, a rebellious-type child, and again in his words, would puke his breakfast back up into his bowl, and in Mr. Poole’s words, piss on himself.

tt

“Just that he stated that even though children appeared to be innocent on the outside, on the inside that they were evil and vile and that it would take this type of chastising to make them perfect children.” (Emphasis added.)
The undersheriff’s repetition of the Poole statements was the basis of the contention by the State that the extreme chastisement administered to James Gill was a matter of church policy to which the State contended Jennifer adhered.
I think the majority recognizes the weakness of the accountability case against Jennifer without the Poole testimony because it does not discuss the violation of the Bruton rule as it affected Jennifer. The majority states that “the jury could have concluded that Jennifer Gill aided and abetted the other defendants in causing the victim’s death by her failure or refusal to perform her duties as a parent, terminate the beatings and discipline, and provide the victim with needed medical care and attention.” If that statement be true, Jen *304 nifer Denise Gill was convicted for the wrong reasons, and for crimes with which she was not charged.
The crime of endangering the welfare of children by violating a duty of care, protection or support is a misdemeanor in Montana. Section 45-5-622, MCA. Admissible bits of evidence to show a violation of the duty of care, protection and support by a parent are cruel treatment, abuse, infliction of unnecessary and cruel punishment, abandonment, neglect, lack of proper medical care, clothing, shelter and food, and evidence of past bodily injury. Section 45-5-622(4), MCA.
Thus, under our statutes, Jennifer Denise Gill’s acts or omissions regarding James Gill were by law a misdemeanor. She could not be charged in this case with deliberate homicide or mitigated deliberate homicide, even under the felony murder rule (sections 45-5-102 and - 103, MCA) because her acts or omissions do not constitute a felony. The majority has elevated a misdemeanor to the status of felony deliberate homicide through the statute on accountability. Standing by, in itself, does not constitute aiding and abetting.
I would therefore reverse the conviction of Jennifer Denise Gill.
MR. JUSTICE SHEA dissents and will file a written dissent later.